**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**COWAN SYSTEMS LLC,** *

**v.** * **CIVIL NO. WDQ-11-366**

**OCEAN DREAMS TRANSPORT, INC.** *

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon motion by Cowan Systems L.L.C. (“Cowan” or “plaintiff”) for an entry of default judgment against Ocean Dreams Transport (“Ocean Dreams” or “defendant”), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for failure to appear or otherwise defend in this matter. On February 10, 2011, Plaintiff filed a complaint alleging that defendant breached its contract with plaintiff (Count I) and violated the Carmack Amendment, 49 U.S.C. § 14706 (Count II), by failing to deliver a shipment of goods to East Alton, Illinois and by failing to indemnify Cowan from losses sustained as a result. (ECF No. 1, 4-6). For the reasons discussed herein, I recommend that plaintiff’s motion (ECF No. 18) be DENIED in part and GRANTED in part and that damages be awarded as set forth herein.

**Background**

Cowan entered into a Broker-Motor Carrier Agreement (“the Agreement”) with Ocean Dreams for the transport of 41,065 lbs of copper cathodes from Panama City, Florida, to East Alton,

Illinois. (Funk Aff., ECF No. 18-1, ¶¶ 12, 14). The agreement became effective on January 20, 2010. (Id., Ex. 1, 1). On April 1, 2010, while in transit, defendant's driver experienced difficulties with his truck. (Id., Ex. 4, 1-2). Advised that there was a truck depot nearby, the driver left his trailer on the side of the highway and took the truck to be repaired. (Id.). Approximately three hours later, the driver returned to find the trailer gone. (Id.). The full value of the lost shipment was $150,954.94. (Funk Aff., ECF No. 18-1, ¶ 15).

Plaintiff gave notice to defendant of the loss, but has received no payment to date. (Id., ¶ 16). Cowan has paid its shipper customer, International Commodities, Inc., $150,954.94 for the loss (id., ¶ 17), making the payment by check dated October 25, 2010 (ECF No. 21, ¶ 3 and Exhibit 1). After repeated requests for payment, plaintiff submitted this motion for default judgment on May 14 2012. (Id., ¶ 20; ECF No. 18).

**Default Judgment Standard**

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading.

In deciding whether to grant a motion for default judgment, the Court must first consider the following three factors: (1) whether the plaintiff will be prejudiced if default is not

granted, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's delay was the result of culpable misconduct. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3rd Cir. 1987), see also Smith v. Bounds, 813 F.2d 1299 (4th Cir. 1987) (relying on these factors in determining whether a default judgment merited reconsideration).

The Court must also determine whether plaintiff has alleged legitimate causes of action. In reviewing plaintiff's Motion for Entry of a Default Judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001). It, however, remains for the Court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. Id., see also 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2688 (3rd ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the Court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the Court determines that liability is established, it must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. Unlike allegations of fact establishing liability, the Court does not accept factual allegations regarding damages as true, but rather must make an independent

determination regarding such allegations. See Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2nd Cir. 1999). In so doing, the Court may conduct an evidentiary hearing. FED. R. CIV. P. 55(b)(2). The Court may also make a determination of damages without a hearing as long as there is an adequate evidentiary basis in the record for the award. See, e.g., Stephenson v. El-Batrawi, 524 F.3d 907, 917 n.11 (8th Cir. 2008) ("Foregoing an evidentiary hearing may constitute an abuse of discretion when the existing record is insufficient to make the necessary findings in support of a default judgment."); Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (finding that a court need not make determination of damages following entry of default through hearing, but rather may rely on detailed affidavits or documentary evidence to determine the appropriate sum).

**Preliminary Factors**

The Clerk of court having filed entry of default on March 07, 2012 (ECF No. 15), the undersigned concludes that the procedural requirements for entry of default judgment have been met. Moreover, because defendant has failed to file any responsive pleadings or otherwise show cause as to why default should not be granted, the Court is "not in a position to judge whether any delay was the result of culpable misconduct." Sambrick, 834

F.2d at 73. Further, defendant's failure to appear deprived plaintiff of any other means of vindicating their claim and plaintiff would be prejudiced if default is not granted.

**Discussion**

A. Breach of Contract

Cowan and Ocean Dreams entered into a Broker-Motor Carrier Agreement on or about January 01, 2010. The Agreement provided that defendant "shall provide all services and equipment necessary to competently and lawfully transport interstate shipments arranged by [plaintiff]." (Funk Aff., ECF No. 18-1, Ex. 1, ¶ 2). The Agreement further states:

> [c]arrier shall be liable to Customer, or to Broker as Customers agent for any loss, damage, or delay of a Shipment received by Carrier. Carrier's liability shall begin at the time the Shipment is loaded on Carrier's equipment, and shall continue until such Shipment is delivered to the designated consignee. Carriers liability shall be for the full value of the Shipment, less the salvage value as determined by Broker. Full value . . . [is] the market value of lost or damaged merchandise at the point and time at which Shipment was scheduled by Carrier. (Id. at ¶ 6).

Finally, the Agreement states that Maryland law applies, and venue is proper in any state or federal court in the State of Maryland. (Id. at ¶ 12).

Under Maryland law, the elements of a breach of contract are 1) a contractual obligation and 2) a material breach of that

obligation. Taylor v. NationsBank, N.A., 365 Md. 166, 175 (Md. 2001); Capitol Radiology, LLC v. Bank, 439 Fed. Appx. 222 (4th Cir. 2011)(citing id.). Plaintiff has provided the Court with a signed copy of the Agreement. (Funk Aff., ECF No. 18-1, Ex. 1). The Agreement is unambiguous and provides that in case of loss Ocean Dreams is liable for the full value of the shipment. Plaintiff asserts that defendant breached this contract when it failed to deliver the shipment of copper cathodes to East Alton, Illinois, and when it failed to indemnify Cowan from the claim by its customer International Commodities, Inc., for $150,954.94. (ECF No. 1, ¶¶ 32-33; Funk Aff., ECF No. 18-1, ¶¶ 13, 20). These unchallenged assertions of fact constitute a legitimate cause of action for breach of contract against Ocean Dreams.

B. Damages

Cowan seeks reimbursement for the full cost of the shipment, totaling $150,954.94. (ECF No. 18, 4). Cowan sought reimbursement from defendant for this amount in April 2010, but received no reply. (Funk Aff. ECF No. 18-1, Ex. 6).

By the terms of the Agreement, defendant had an obligation to indemnify Cowan "from and against any and all claims, actions, and demands . . . on account of . . . damage to or loss of cargo." (Funk Aff., ECF No. 18-1, Ex. 1, ¶ 9). In the event of

loss, defendant was liable for the full value of the shipment. (Id. at ¶ 6). Cowan paid $150,954.94 to its customer International Commodities as a result of the loss. (Funk Aff. ECF No. 18-1 ¶ 17). Cowan has provided the court with a J.P Morgan invoice valuing the shipment at $150,954.94. (Funk Aff. ECF No. 18-1, Ex. 5). The undersigned therefore recommends an award of damages in the amount of $150,954.94.

C. The Carmack Amendment

Plaintiff also asserts a claim under the Carmack Amendment. (ECF 1, 6). The Carmack Amendment provides that a carrier is "liable to the person entitled to recover under the receipt or bill of lading." 49 U.S.C. § 14706(a)(1). The Amendment allows a shipper to recover damages caused by a carrier's unreasonable delay or loss of the shipment. Alstom Power, Inc. v. Norfolk S. Ry. Co., 154 Fed. Appx. 365, 371 (4th Cir. Md. 2005); 29 A.L.R. Fed. 921, 1 ("The receiving carrier will be liable to the shipper, or other lawful holder of the receipt or bill of lading, for loss, damage, or injury to the property prior to its delivery to the consignee.").

Although Cowan has provided a bill of lading, the shipper is listed as "RBS Sempra Melals." (ECF No. 18-4). Cowan is listed as the carrier. (Id.) The Bill therefore seems to indicate only that RBS Sempra Melals, the shipper, is entitled to recover

from Cowan, the carrier, under the Carmack Amendment. No bill of lading has been submitted into evidence that describes Cowan as the shipper and Ocean Dreams as the carrier. See Cowan Sys., L.L.C. v. Choctaw Transp., Inc., 2011 U.S. Dist. LEXIS 76321, 5-6 (D. Md. July 14, 2011)(denying Carmack Amendment claim on motion for default judgment because plaintiff "is not identified as a party entitled to recover any loss" on the bill of lading).

As Cowan's claim against Ocean Dreams has been addressed in its breach of contract claim, and for the reasons above, the undersigned recommends that default judgment as to the Carmack Amendment claim be denied for lack of standing.

D. Attorney's Fees

Cowan alleges it has incurred $5,898.38 in legal costs and attorney's fees relating to this matter. (ECF No. 18, ¶ 14). The Agreement stipulates that "[i]n the event Broker engages legal counsel to enforce any of its rights pursuant to this Agreement, Carrier agrees to reimburse Broker for all such attorney fees and costs." (Funk Aff. ECF No. 18-1 Ex. 1, ¶ 9). Plaintiff has provided legal invoices for 39.20 hours of work, including 5.9 hours by partners, 18.80 hours by associates, and 14.50 hours by a paralegal, totaling $5,383.00. (ECF No. 18-8, ¶ 5; ECF No. 18-8, Ex. 1-2). The time spent by plaintiff's attorneys reflects the substantial effort required to locate and

serve defendant. (ECF No. 18, ¶ 2; ECF No. 18-8, Ex. 1-2). Partners billed at a rate of $185.00 an hour, associates at $155.00 an hour, and the paralegal at $95.00 an hour. (ECF No. 18-8, ¶ 4). These fees fall within the lower ranges of this Court's guidelines for hourly rates for lawyers of their experience. See Local Rules, App. B(3)(d). Accordingly, the undersigned finds that attorney's fees of $5,383.00 are reasonable and due under the contract and recommends that they be awarded to Cowan.

E. Costs

Cowan seeks costs totaling $515.38, and have provided an itemized list of filing, clerical, and postage costs associated with the case. (ECF No. 18-8, Ex. 1, 2; 18-8, Ex. 2, 8). As noted above, the Agreement provided for reimbursement for both fees and costs. (Funk Aff. ECF No. 18-1, Ex 1, ¶ 9). In addition, the Federal Rule of Civil Procedure 54(d)(1) entitled prevailing parties to costs "unless a federal statute . . . provides otherwise." This rule applies in diversity actions. Glassman Constr. Co. v. Md. City Plaza, Inc., 371 F.Supp. 1154, 1162 (D. Md. 1974). The undersigned finds the costs reasonable and due under the contract and therefore recommends that Cowan be awarded costs totaling $515.38.

F. Prejudgment Interest

In a diversity case, prejudgment interest is a matter of state substantive law. See Hitachi Credit Am. Corp. v. Signet Bank, 166 F. 3d 614, 633 (4th Cir. 1999). Under Maryland law, prejudgment interest is:

> allowable as a matter of right when the obligation to pay and the amount due had become certain, definite, and liquidated by a specific date prior to judgment so that the effect of the debtor's withholding payment was to deprive the creditor of the use of a fixed amount as of a known date. First Virginia Bank v. Settles, 322 Md. 555, 564,(Md. 1991), see also Buxton v. Buxton, 363 Md. 634, 656 (Md. 2001), Knowles v. Mutual Life Ins. Co., 788 F.2d 1038, 1041 (4th Cir. Md. 1986).

The prevailing rate for prejudgment interest in Maryland is six percent. Md. Const. Art. III, § 57 ("The Legal Rate of Interest shall be Six per cent. per annum; unless otherwise provided by the General Assembly."), Buxton, 363 Md. at 656. Here, Cowan was deprived of a definite sum when it paid $150,954.94 to International Commodities on October 25, 2010. (Funk Aff. ECF No. 21, ¶ 3). The undersigned therefore recommends that Cowan be awarded prejudgment interest at the rate of six percent from October 25, 2010 to Friday, September 28, 2012, for a total of $17,469.42.

G. Post Judgment Interest

Federal law, not state law, governs the calculation of post-

judgment interest in diversity cases. Hitchai Credit Am. Corp., 166 F.3d at 633. Federal law mandates an award of post-judgment interest, "calculated from the date of entry of the judgment" at a rate based on "the weekly average 1-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961 (1988). Accordingly, the undersigned recommends that plaintiff be awarded post-judgment interest at the rate set forth in 28 U.S.C. § 1961 (1988).

**Conclusion**

For the reasons set forth above, the undersigned recommends that:

1. The Court GRANT Plaintiff's motion for Default Judgment. (ECF No. 18).
2. The Court award plaintiff $150,954.94 in damages, prejudgment interest of $17,469.42, attorney's fees and costs of $5,898.38, and post-judgment interest on the entire amount.

Date: 9/27/12

/s/
Susan K. Gauvey
United States Magistrate Judge